In the Matter of Arbitration between **READING & BATES CORPORATION** and Reading & Bates Drilling Co., Petitioners,

v.

**ALL AMERICAN MARINE SLIP,** a division of Marine Office of America Corporation, Respondent.

No. 95 Civ. 2109 (HB).

United States District Court,
S.D. New York.

Jan. 29, 1997.

Donald J. Kennedy, Haight, Gardner, Poor & Havens, New York City, for Reading & Bates Corporation, Reading & Bates Drilling Co.

John Nicotetti, Nicoletti Hornig & Sweeney, New York City, for All American Marine Slip.

### OPINION AND ORDER

BAER, District Judge:

█ Petitioners Reading & Bates Corporation and Reading and Bates Drilling Co. ("R & B") and respondent All American Marine Slip ("AAMS") have submitted briefs on the specific issue of whether or not prejudgment interest may be part of the insurer's obligation even when such an obligation will exceed the policy limits under a marine loss insurance policy.[1] For the reasons stated below, I conclude that prejudgment interest may be in addition to the policy limits.

### I. *Background*

On May 1, 1992, R & B secured an insurance policy from AAMS whereby AAMS agreed to indemnify R & B for losses from hull damage and loss of hire incurred by R & B in connection with the operation of their off-shore drilling unit JACK BATES (the "Policy"). On August 26, 1992, the JACK BATES suffered damage from Hurricane Andrew. R & B submitted two claims, one of which was paid and the other of which was disputed. Pursuant to the loss of hire section of the Policy, the dispute was sent to arbitration. The panel awarded R & B $3,100,800.00 plus $84,486.18 in pre-award[2] interest. The award was then reduced to a judgment for $3,223,116.97 (the previous award plus post-award interest in the amount of $38,630.79) which AAMS paid. Heretofore, AAMS had paid $5,291,250.00 under the Policy, which brought the total AAMS payment under the Policy $8,515,166.97.

Subsequently, R & B submitted an additional claim for damage in the amount of $107,950.00, the difference between the Policy's limit of $8,500,000.00 and the arbitration award of $3,100,800.00 (without interest) plus other prior payments under the policy. AAMS asserted that full policy limits were reached relying on the total amount paid including pre- and post-award interest. R & B filed this action, requesting that this Court order AAMS to arbitrate the matter of whether the interest could be used in calculating the limits of the Policy. AAMS opposed the motion, arguing that the issue was not arbitrable because R & B's new claim was brought under the hull damage section of the Policy, which did not include an arbi-

---

**1.** It is helpful at the outset to define certain terms as they are used herein. A loss policy is one that covers a loss the insured itself might incur. *See* Allan D. Windt, *Insurance Claims & Disputes* § 6.05 at 383 (3rd ed. 1995). A hull damage policy and loss of hire policy are examples of loss policies. *See Steelmet, Inc. v. Caribe Towing Corp.*, 842 F.2d 1237, 1245 (11th Cir.1988). A liability policy, on the other hand, covers the insured for amounts that he may become legally obligated to pay to third parties. *Handbook on*

*Insurance Coverage Disputes* § 7.01, at 229 (8th ed. 1995). A protection and indemnity policy ("P & I") is an example of a liability policy. *Steelmet,* 842 F.2d at 1243 (11th Cir.1988).

**2.** Because the dispute between the parties was determined by an arbitral panel, pre-award interest should be treated in the same manner as prejudgment interest.

tration clause. I agreed with AAMS that arbitration was unavailable under the Policy. Following my Opinion and Order dated June 27, 1996, much to my chagrin but not unexpectedly, it was agreed that this Court should decide whether or not pre-award interest may be included in calculating the loss under the hull damage section of a Primary Package Energy insurance policy limits.[3]

## II. *Discussion*

The Supreme Court has held that general maritime law of the United States, as embodied in federal statutes or federal common law, will govern disputes arising from maritime insurance contracts. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 314, 75 S.Ct. 368, 370–71, 99 L.Ed. 337 (1955). Federal courts sitting in admiralty may award prejudgment interest at their discretion. *Steelmet, Inc. v. Caribe Towing Corp.*, 842 F.2d 1237, 1243 (11th Cir.1988); *City of New York As Owner of Ferryboat Tompkinsville*, 332 F.2d 1006, 1007 (2d Cir. 1964). Awarding such interest is a means of making the aggrieved party whole. *Alcoa Steamship Co. v. Charles Ferran & Co.*, 443 F.2d 250, 254 (5th Cir.1971). The interest is payable not for punitive purposes, but rather " 'as compensation for the use of funds to which the plaintiff was ultimately judged entitled, but which the defendant had the use of prior to judgment.' " *Ryan Walsh Stevedoring Co. v. James Marine Services, Inc.*, 792 F.2d 489, 493 (5th Cir.1986) (citation omitted); *Busik v. Levine*, 63 N.J. 351, 307 A.2d 571, 575 (1973).

Although it appears that this may be a matter of first impression in this Circuit, other Circuit Courts have held that a marine liability insurer is not liable for prejudgment interest that exceeds policy limits. *See Steelmet*, 842 F.2d at 1243–44; *Ryan Walsh Stevedoring Co. v. James Marine Services, Inc.*, 792 F.2d 489, 493 (5th Cir.1986). In *Steelmet*, the Eleventh Circuit held that a marine insurer was not liable to its insured for prejudgment interest above the P & I policy limit, but was liable for prejudgment interest above the hull policy limit. *Id.* at 1244–45.

The Court reasoned that a liability policy "implicitly contemplates that a period of time may pass between the loss and the point at which the insured is held liable for the loss" and so the insurer could not be liable for prejudgment interest above the policy limit. *Steelmet*, 842 F.2d at 1244; *see also Ryan Walsh*, 792 F.2d at 493 (holding that liability insurer was not liable for prejudgment interest in excess of policy limits). Further, the Circuit Court went on to state that the marine insurer defendant was liable for prejudgment interest above the limits under the hull damage policy because under such a policy the insurer's obligation to pay arose at the time of the loss, rather than at the point its insured was held liable for the loss. *Id.* at 1245.

In their briefs, the parties argue the validity and weight of the distinction made by the Eleventh Circuit between the two types of insurance policies. I think, however, that the parties miss the true distinction in the cases they cite. In each case cited where a Court stated that a marine liability insurer could not be held liable for prejudgment interest above the policy limits, prejudgment interest had been awarded against the *insured* following a claim by an aggrieved third party. *See e.g., Ryan Walsh*, 792 F.2d at 490, 493. A liability insurer agrees to pay an insured for amounts he may be legally obligated to pay up to certain limits. *Steelmet*, 842 F.2d at 1244. That the insured chooses not to pay the aggrieved party until a judgment (with prejudgment interest) is awarded against him cannot change the terms of the insurance contract under which he is insured. The liability insurer will not be obligated to pay beyond the policy limit due to the actions of the insured, where it was the insured who benefited from the use and value of the money that rightfully belonged to the aggrieved third party. Indeed, it would be as wrong to hold the liability insurer liable for prejudgment interest above the policy limits as it would be to hold it liable for a portion of the verdict in excess of the policy limit. *See generally* Windt, *supra*, § 6.16 at 414.

---

3. In the opening and conclusion of its brief, R & B mentions another issue i.e. whether post-judgment interest should be included in calculating marine insurance policy limits. However, because neither of the parties has briefed this issue, I do not address it here.

If, however, a marine loss insurer is the party who decided not to pay the claim until a judgment is entered against it, the Court may properly hold that the marine insurer is liable for such prejudgment interest even if it goes beyond the policy limit. *See, e.g. Steelmet,* 842 F.2d at 1245. In such a case, the *insurer* had the use and value of the money that rightfully belonged to the insured, for which the insured has a right to be compensated. *See Ryan Walsh,* 792 F.2d at 493. "The limits contained in a policy establish how much of the loss is covered; they do not authorize the withholding of monies due under the contract." Allan D. Windt, *Insurance Claims & Disputes* § 9.23 at 73 (5th ed. 1995). Therefore, the policy limit should not bar the insured from deserved compensation and yet if an insurer could include prejudgment interest in calculating its policy limits it is precisely that result which would follow.

Here, AAMS refused payment for one of R & B's claims under the Policy. The arbitrator found such sums rightfully belonged to R & B and awarded R & B pre-award interest. Because AAMS had the use and value of those funds prior to the award, R & B has the right to be compensated for that loss.

### III. *Conclusion*

For the reasons stated above, prejudgment interest may not be used in calculating the limits of a marine loss insurance policy. This constitutes the decision and order of the Court.

**SO ORDERED.**